# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**UNITED STATES OF AMERICA**

**VERSUS**                                             **CRIMINAL ACTION NO. 4:05CR95-P-B**

**EARL WEBSTER**

## ORDER

This cause is before the Court on defendant Earl Webster's Motion to Dismiss [658]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

The defendant attacks the sufficiency of Count 1 of the Second Superseding Indictment on grounds that the indictment fails to inform him of the nature and cause of the accusation against him so as to comport with minimum constitutional standards.

The Court has reviewed the indictment and finds the defendants' claims to be without merit. "An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense." United States v. Gordon, 780 F.2d 1165, 1169 (5th Cir. 1986). An indictment which tracks the language of the relevant statute is sufficient if those words fully, directly, and expressly set forth all of the elements necessary to constitute the offense intended to be proved. Hamling v. United States, 418 U.S. 87, 117 (1974).

The superseding indictment charges defendant Webster with participating in a conspiracy to possess with intent to distribute and distribute more than five kiligrams of cocaine and in excess of

50 grams of cocaine base, crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a), (b)(1)(A). A narcotics indictment is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any specific overt act in furtherance of the conspiracy. United States v. Hawkins, 661 F.2d 436, 454 (5th Cir. 1981). In addition, the indictment contains enough detail to inform the defendant of the nature of the charges against him and to urge a double jeopardy defense against any future prosecution for the same conduct.

Clearly, the Second Superseding Indictment in this case meets the requirements of Hawkins as outlined supra. It charged that the defendant conspired to distribute cocaine base between January 2000 and November 20, 2005 in violation of 21 U.S.C. §§ 846 and 841. Accordingly, the defendant's challenge to the sufficiency of the indictment is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Webster's Motion to Dismiss [658-1] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 9th day of June, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE