**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA**

**VERSUS**                                                                              **CRIMINAL ACTION NO. 4:05CR95**

**EARL WEBSTER**

## ORDER

This cause is before the Court on the defendant's Motion for Leave to File Notice of Appeal Out of Time [1059]. The Court, having reviewed the motion and being otherwise fully advised in the premises, finds as follows, to-wit:

The Judgment of Conviction against defendant Webster was entered on February 14, 2007. Defendant filed the instant motion on March 5, 2007; he seeks an extension of the time for filing an appeal pursuant to F.R.A.P. 4(b)(4).

Counsel avers in the motion that he was unaware of the defendant's desire to pursue an appeal until February 28, 2007. He was unable to meet with the defendant until Thursday, March 1, 2007, at which time defendant Webster advised him of his desire to pursue an appeal, notwithstanding the lapse of time since the entry of the judgment.

Although the grounds stated in the motion are counsel's failure to advise the defendant of the deadline for filing a Notice of Appeal, review of the motion evidences a misunderstanding of the method for computing the time for allowing the Notice of Appeal. Counsel avers in the motion that the deadline for filing an appeal expired on February 24, ten calendar days after the filing of the Judgment on February 14. Upon inquiry with the Clerk of Court, the undersigned learned that the

Judgment was not entered for purposes of F.R.A.P. 4(b)(1) until February 15, 2007. Furthermore, F.R.A.P. 26(a)(2) directs that "intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days . . . ." Proper application of the Rule results in the exclusion of February 17-19, 2007 and February 24-25; the correct deadline for filing a Notice of Appeal was actually March 2, 2007.[1] Defense counsel's failure to explain the deadline for filing a Notice of Appeal to defendant Webster, combined with counsel's miscalculation of the appeal deadline and the fact that the instant motion was filed only one business day after the applicable deadline, this Court finds that the untimely Notice of Appeal was the result of excusable neglect. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Leave to File Notice of Appeal Out of Time [1059] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that the time for filing defendant Webster's Notice of Appeal is extended an additional thirty (30) days as provided for in F.R.A.P. 4(b)(4).

SO ORDERED, this the 30th day of March, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Prior to 2002, F.R.A.P. only excluded weekends and holidays when the period is less than 7 days, thus accounting for defense counsel's error in calculation.