IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EARL WEBSTER                                                                                          PETITIONER

VS.                                                                                                  NO. 4:05CR95-WAP

UNITED STATES OF AMERICA                                                                               RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Earl Webster to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct Webster's sentence shall be denied.

**Facts and Procedural Posture**

The petitioner, Earl Webster ("Webster"), was charged in a twenty-four-count indictment, along with thirty-six other defendants in the Northern District of Mississippi for four related counts of drug conspiracy and distribution. On July 25, 2006, Webster pled guilty to count eighteen for the distribution of approximately 78.2 grams of cocaine base in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A).[1] Following the plea, the government agreed to dismiss all other counts against Webster. On February 7, 2007, Webster was sentenced to 120 months imprisonment to be followed by five years of supervised release and 500 hours of drug abuse treatment. After filing an appeal to the Fifth Circuit Court of Appeals, Webster's attorney filed a request to withdraw from representation in accordance with *Anders v. California*, 386 U.S. 738 (1967). On April 16, 2008, the Court of Appeals granted the attorney's request, denied Webster's subsequent motion for appointment of counsel, and dismissed the appeal for lack of

---

[1] Webster's conviction carried a statutory penalty range of not less than ten years to life imprisonment, not less than five years supervised release, no more than $4,000,000 fine, ineligibility for federal benefits up to five years after conviction, and a $100 special assessment.

nonfrivolous issues. *United States v. Webster*, 274 Fed.Appx. 414, 2008 WL 1747107 (5th Cir. 2008).

On June 11, 2008, Webster filed his *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He asserts two grounds of relief by way of ineffective assistance of counsel:

1.  That defense counsel was ineffective at sentencing for failing to raise an argument in accordance with *Grant v. United States*, 524 F. Supp. 2d 1204 (C.D. Cal. 2007), thereby violating his due process rights.

2.  That defense counsel was ineffective on appeal for failing to raise an argument in accordance with *Grant v. United States*, 524 F. Supp. 2d 1204 (C.D. Cal. 2007), thereby denying his right to review of sentence.

## Ineffective Assistance of Counsel

To establish an ineffective assistance of counsel claim, a movant under 28 U.S.C. § 2255 must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court must "strongly presume" that counsel's conduct was reasonable; in other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." 466 U.S. at 689-90. The court must not analyze counsel's actions by clarity of hindsight; instead, the court must view counsel's actions using the information reasonably available to counsel at the time of the representation. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Should the court determine that counsel's performance was deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Sharp*

*v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). As discussed below, counsel's actions were reasonable at trial and the petitioner's underlying claims are without merit. As such, Earl Webster's claims that defense counsel was ineffective must be denied.

### The *Grant* Case

Webster alleges that defense counsel was ineffective at sentencing and on appeal for failing, despite his request, to cite *Grant v. United States*, 524 F. Supp. 2d 1204 (C.D. Cal. 2007). He asserts that under *Grant*, in light of his involvement in the conspiracy and harshness of the sentence, the district court's failure to allow a downward departure below the statutory minimum sentence violated his due process rights.[2] Further, he contends that defense counsel's failure to raise such argument on appeal effectively denied his right to review his sentence.

Despite Webster's earnest attempt under *Grant*[3], the Fifth Circuit has clearly held that mandatory minimum sentences for drug trafficking offenses do *not* violate the due process rights of defendants.[4] *United States v. Rojas-Martinez*, 968 F.2d 415, 420 (5th Cir. 1992) (Mandatory minimum sentence for 21 U.S.C. § 841(b)(1) offense "bears a rational relationship to the legitimate purpose of enforcing federal drug laws and is not arbitrary"). Therefore, because Webster's sentence of 120 months was within the statutory sentencing range and any reference to *Grant* at sentencing or on appeal would have been fruitless, defense counsel's failure to raise such arguments was neither unreasonable nor prejudicial. Accordingly, Webster's claims are denied.

---

[2] Liberally construing Webster's petition, he may have attempted to challenge the calculation of his sentencing range based upon his perceived "minor role" in the conspiracy. Any such argument, however, is meritless because it is routinely recognized that the technical application of the Sentencing Guidelines does not give rise to a constitutional issue cognizable on collateral review of a 2255 motion. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

[3] Nearly seven months after the filing of Webster's 2255 motion, the Ninth Court reversed the California district court decision in *Grant* holding that the imposition of a mandatory minimum sentence does not violate a defendant's right to due process. *United State v. Grant*, 312 Fed.Appx. 39, 40 (9th Cir. 2009).

[4] Furthermore, the *Grant* case is not binding authority.

## Conclusion

For the reasons set forth above, the instant motion (docket entry 1226) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 shall be denied. A final judgment consistent with this memorandum opinion shall be issued.

SO ORDERED, this the 23rd day of October, 2009

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI